2024R00835/NKP/CW

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| | : | |
| v. | : | Crim. No. 24-786-01 (MAS) |
| | : | |
| | : | 18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 2 |
| VENKATA S. MANNAVA | : | |
| | : | |

**RECEIVED**
DEC 0 4 2024
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**I N F O R M A T I O N**

The Defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**(Making False Statements to a Financial Institution)**

1. Unless otherwise indicated, at all times relevant to this Information:

**The Defendant, a Relevant Individual, and Relevant Entities**

    a.    Defendant VENKATA S. MANNAVA ("MANNAVA") was a resident of New Jersey and a defendant in a civil case in the U.S. District Court for the Eastern District of New York related to the alleged counterfeiting and misbranding of certain HIV medication ("the Civil Case").

    b.    "Individual 1" was a resident of New Jersey.

    c.    "Financial Institution 1" was a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation.

    d.    "Company 1" was a limited liability company formed under the laws of New Jersey.

## Background

2.  On or about October 16, 2021, the court overseeing the Civil Case entered an asset freeze order against MANNAVA and a business he controlled. The order prohibited MANNAVA from, among other things, "secreting any assets and from transferring or conveying any assets."

3.  On or about October 18, 2021, the asset freeze order was personally served on MANNAVA at his residence in New Jersey.

4.  On or about October 29, 2021, MANNAVA formed Company 1, a self-described investment company, in the state of New Jersey using Individual 1's name.

5.  On or about November 1, 2021, in the District of New Jersey, Individual 1, at MANNAVA's direction, opened a bank account in the name of Company 1 at Financial Institution 1.

6.  At MANNAVA's direction, Individual 1 falsely represented to Financial Institution 1 that Individual 1 was the only beneficial owner of Company 1, when MANNAVA was in fact a beneficial owner.

7.  At MANNAVA's direction, Individual 1 falsely represented to Financial Institution 1 that Individual 1 was an "individual with significant responsibility for managing the legal entity" when, in fact, MANNAVA knew that Individual 1 had no such role in Company 1's affairs.

8.  On or about November 2, 2021, MANNAVA, using Individual 1's name, wired approximately $600,000 that was subject to the asset freeze order to Company 1's newly created bank account at Financial Institution 1.

9. On or about November 3, 2021, MANNAVA, using Individual 1's name, wired approximately $499,000 that was subject to the asset freeze order to Company 1's bank account at Financial Institution 1.

### The Offense

10. On or about November 1, 2021, in the District of New Jersey and elsewhere, defendant

**VENKATA S. MANNAVA**

knowingly made, and caused to be made, certain false statements for the purpose of influencing the action of Financial Institution 1, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application for a bank account, including false statements concerning the source and ownership of funds to be deposited and the management and the intended purpose of the bank account.

In violation of Title 18, United States Code, Sections 1014 and 2.

## **FORFEITURE ALLEGATION**

Upon conviction of the offense in violation of Title 18, United States Code, Section 1014, as alleged in this Information, defendant

**VENKATA S. MANNAVA**

shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds the defendant obtained, directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

_____
PHILIP R. SELLINGER
United States Attorney


GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice


_____
NICHOLAS K. PEONE
CHRISTOPHER WENGER
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

**CASE NUMBER:** 24-786-01 (MAS)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA**

v.

**VENKATA S. MANNAVA**

# INFORMATION FOR

**18 U.S.C. § 1014**
**18 U.S.C. § 2**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

NICHOLAS K. PEONE
CHRISTOPHER WENGER
TRIAL ATTORNEYS
(202) 923-7818